# Charles W. Thompson, Plff. in Err., *v.* M. J. Newton

One cotenant is not liable to another cotenant, in an action of assumpsit,
for the expenses necessary for the pumpage and care of oil produced from
a well owned by three in common, in the absence of an express contract.

NOTE.—The rights of tenants in common among themselves have given
rise to much conflict in Pennsylvania.   It would seem that assumpsit will not

In such case, a custom that "the parties owning the majority interest in oil wells after they have been drilled shall have charge of the well and run it as long as they do so economically and as well as it is possible for wells to be run," is inadmissible.

(Decided November 1, 1886.)

Error to the Common Pleas of Butler County to review a judgment of nonsuit in an action of assumpsit by one tenant in common against another.    Affirmed.

Thompson bought one fourth interest in a lease of oil lands on which there was a well in operation.   Newton owned one fourth interest in the same lease, and had employed a man to operate the well.   The oil produced was run into the pipe line, and each one's share was credited to him on the books of the Pipe Line Company, each one paying his share of the expenses. After Thompson's purchase, the owners of the half interest agreed that Thompson should take charge, and the man employed by Newton was accordingly discharged.   Newton did not consent to this arrangement, and refused to pay any part of the expense.

On the trial before HAZEN, P. J., the plaintiff claimed to recover for one fourth of the following items: pumping well for nine months; extra work hired for drawing rods, etc.; cash paid for hardware; cash paid for sucker rod line; cash paid for tallow.

The plaintiff proposed to prove by witnesses who have been in

lie, in the absence of an express contract except for a share of profits held by the cotenant.   Enterprise Oil & Gas Co. v. National Transit Co. 172 Pa. 421, 51 Am. St. Rep. 746, 33 Atl. 687; Winton Coal Co. v. Pancoast Coal Co. 170 Pa. 437, 33 Atl. 110; Luck v. Luck, 113 Pa. 256, 6 Atl. 142, in which the earlier cases are discussed.

As to liability of cotenants for improvements and repairs, see editorial note to Ward v. Ward, 29 L. R. A. 449, containing a full presentation of the authorities on that subject.   As to other questions arising between cotenants, see the following editorial notes presenting the authorities on their various phases of the subject:   Liability of cotenants to account for use and occupation, and rents and profits, note to Gage v. Gage, 28 L. R. A. 829; how far share of cotenant collecting rents is subject to lien in favor of his cotenant, note to Flack v. Gosnell, 16 L. R. A. 547; liability of tenants in common to action of trover, note to Waller v. Bowling, 12 L. R. A. 261.

the oil country for years, that it is a custom ever since the oil business has been in existence, where all parties cannot agree, that the parties owning the majority interest in oil wells, after they have been drilled, have charge of, control, and run the well as long as they do so economically, and as well as it is possible for wells to be run.    Refused.

The assignment of error specified this refusal of evidence, the entry of a nonsuit and refusal to take it off.

*Newton Black,* for plaintiff in error.——As between tenants in common of a mill or house that falls into decay, the one willing to repair, the other not, he that is willing shall have contribution from the one who is unwilling.   Dech's Appeal, 57 Pa. 472.

A tenant in common is liable to his cotenant for repairs that are absolutely necessary to houses and mills already erected and in being which fall into decay.   Beaty v. Bordwell, 91 Pa. 438. See also  Huston v.  Springer,  2 Rawle, 99; and Story, Eq. 10th ed. §§ 1234, 1236.

*John M. Thompson* and *John H. Thompson,* for defendant in error.—Cited Beaty v. Bordwell, 91 Pa. 438; Crest v. Jack, 3. Watts, 238; 27 Am. Dec. 353; 38 Am. Dec. 397.

PER CURIAM:

It may be that the defendant was liable to account to his co-tenants for the expenses necessary for the pumpage and care of the oil produced from the well which was owned in common, but he was not so liable to the plaintiff, whom he had not employed.

The judgment is affirmed.